IN THE CIRCUIT COURT OF THE
THIRTEENTH JUDICIAL CIRCUIT IN
AND FOR HILLSBOROUGH COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

CASE NUMBER:_____

12   003602

PEDRO QUILES, SR., as Personal
Representative of the
ESTATE OF PEDRO QUILES, JR. and
on behalf of himself individually, PEDRO
QUILES, SR. and on behalf of minors,
PEDRO QUILES-SANTOS and
BEYONCE QUILES, survivors,

**DIVISION I**

     Plaintiffs,

v.

CITY OF TAMPA [Police Department] and
SCOTT SAVITT, individually and his
capacity as an Officer of the City of Tampa,
JANE CASTOR, individually and in her
capacity as Chief of Police, City of Tampa,

     Defendants.

_____/

## COMPLAINT FOR DAMAGES

     Plaintiffs, PEDRO QUILES, SR., as Personal Representative of the ESTATE OF PEDRO

QUILES, JR. and on behalf of himself individually, PEDRO QUILES SR. and on behalf of minors,

PEDRO QUILES-SANTOS and BEYONCE QUILES, survivors, by and through their undersigned

attorney, hereby sue the Defendants, CITY OF TAMPA [Police Department] and SCOTT SAVITT,

individually and his capacity as an Officer of the City of Tampa and alleges:

### JURISDICTION AND IDENTIFICATION OF THE PARTIES

     1.    This is an action for damages in excess of this Court's minimum jurisdiction of limit

of Fifteen-Thousand Dollars ($15,000.00) exclusive of costs and interest and is brought pursuant to

common law and the terms and provisions of 42 U.S.C § 1983.

2.    At all times material hereto, Plaintiffs,  PEDRO QUILES, SR., as the Personal Representative of the ESTATE OF PEDRO QUILES, JR. and on behalf of himself individually, PEDRO QUILES SR. and on behalf of minors, PEDRO QUILES-SANTOS and BEYONCE QUILES and are residents of State of Florida. PEDRO QUILES SR. is lawfully authorized as the personal representative of the Estate of Pedro Quiles, Jr. and on behalf of himself and all survivors, Pedro Quiles-Santos and Beyonce Quiles.

3.    The Defendant, City of Tampa (hereafter "City") is a municipal corporation located in Hillsborough County, Florida.

4.    According to its Charter, Defendant, City operates a police force. This police force undertakes and, at all times material hereto did undertake operations and activities within the City of Tampa, Hillsborough County, Florida.

5.    The City of Tampa Police Department (hereafter "Police Department") is an organization existing under the direction and control of the City of Tampa and is engaged in the provision of policing services for the benefit of the citizens of the City of Tampa, including the Plaintiff and deceased in this action.

6.    Defendant, Jane Castor (hereinafter "Chief Castor") was at all times relevant hereto, the Chief of Police of the City of Tampa Police Department, the final policy maker for City of Tampa police officers and a supervisor for Officer Scott Savitt. She is sued in her capacity as an employee of the City of Tampa and in her individual capacity.

7.    At all times hereto, the City of Tampa vested its Chief of Police and her designees with the final policy making authority for the conduct of the operations of the police department, including the training, supervision, and discipline of officers of the Police Department of the City of Tampa.

8.    Defendant, Scott Savitt, individually and in its capacity as an officer employed by Defendant, City (hereinafter "Savitt"), was at all times, acting within its course and scope of his employment of Defendant, City.

9.    Each defendant is a "person" as that term is defined by the terms and provisions of 42 U.S.C. § 1983.

10.    At all times material, the deceased, Pedro Quiles, Jr., was and is a citizen of the United States and a resident of the City of Tampa, and died on January 31, 2011 as a result of the actions of

Officer Savitt in the City of Tampa, Florida..

11.     Venue is proper in this forum as all Defendants are situated within and Plaintiff's cause of action occurred entirely within the jurisdiction of this Court.

12.     All conditions precedent to the initiation and maintenance of this cause of action have been fully performed. Specifically, in accordance with the requirements of §768.28, Florida Statutes, Plaintiff has sent to the Defendant, City of Tampa, and the Insurance Commissioner, a Notice of Intent to initiate litigation (see attached Exhibit "A".

13.     At all times relevant hereto, the Defendants were acting under color of law.

## FACTS GIVING RISE TO CAUSES OF ACTION

14.     On or about January 31, 2011, the City through its employees including Officer Savitt, were patrolling the areas within the City of Tampa.

15.     On January 31, 2011, at approximately 1:30 p.m., Officer William Cain of the City of Tampa Police Department followed a white Toyota traveling south on 15th Street in the City of Tampa. Officer Cain got behind the vehicle and turned on his overhead emergency lights. There was no attempt by the driver of the vehicle to flee or avoid Officer Cain.

16.     Upon information and belief, Officer Cain asked for the driver's license and vehicle registration. The driver of the vehicle, later determined to be Pedro Quiles, Jr. (hereinafter "deceased") provided a driver's license to Officer Cain in the name of "Alex Perez." Officer Cain went back to his vehicle, at which time Officer Savitt responded to that location as backup.

17.     Upon information and belief, the Officers determined to arrest the driver, "Alex Perez"for outstanding warrants. Officer Cain advised the deceased that he was going to be placed under arrest and opened the door to the vehicle. At no time, did the deceased threaten, make any threatening movement or gestures, make any threatening statements, or display a weapon of any kind.

18.     As the door to the vehicle was opened by Officer Cain, the deceased attempted to run. He was grabbed immediately by Officers Cain and Savitt and continued to try and get out of the grasps of the officers and run. Officer Cain held the deceased while Officer Savitt backed away with his hand on his firearm. Officer Cain and the deceased struggled until the deceased freed himself of Officer Cain's grip and again attempted to run. At no time during the struggle did the deceased make any threatening comments, threatening gestures, display a weapon or firearm, nor obtain or grab Officer Cain's firearm. The deceased was completely free of Officer Cain's grip in a standing position

with his back towards Officer Savitt and began to run. Again, the deceased made no threatening gestures or movements or comments towards Officer Savitt and did not possess a weapon or firearm.

19.     Officer Savitt did not issue any commands, such as "stop, don't move" or attempt to use non-lethal force. Instead, he fired two shots striking the deceased in the side and in the back causing the deceased to immediately fall to the pavement, stating, "Why did you shoot me. I can't believe you shot me."

20.     Officer Savitt, without provocation or justification, negligently and in direct violation of the Police Department Use of Force Policy, and with complete and total disregard for the health, safety, or welfare of the deceased, Pedro Quiles, Jr., and in utter and direct violation of the Due Process Rights afforded by the Fourth and Fourteenth Amendments of the United States Constitution and the provisions of 42 U.S.C. § 1983, wrongfully discharged his service weapon and shot Pedro Quiles, Jr. with two 40 caliber bullets in the side and back, causing his death.

21.     The utilization of deadly force by Defendant, Savitt was unnecessary, unwarranted, and excessive. Savitt escalated the use of deadly force unreasonably.

22.     The use of a firearm constitutes the use of deadly force.

23.     Defendants, the City and Chief Castor have an affirmative duty to adopt, implement, and maintain policies, customs and/or systems to govern arrests using non-lethal force as a starting point and only using lethal force when faced with actions or force that could seriously injury or result in death to its officers.

24.     Defendants, the City and Chief Castor each failed in its duty to adopt and maintain, implement or enforce proper policies, custom, and/or systems to govern the attempted arrests as alleged above.

25.     Defendants, the City and Chief Castor each knew or should have known its failure to adopt, implement, enforce, and/or maintain policies, systems, and/or customs to govern such arrests would violate the Constitutional rights of Pedro Quiles, Jr.

26.     At all times relevant hereto, Pedro Quiles, Jr. was lawfully on the streets of the City and was lawfully entitled to all rights and privileges afforded any citizen of the United States by all of the named defendants, including the City, its Chief of Police, its police force, and its officers present during the attempted arrest and shooting.

27,     Pedro Quiles, Jr. had a guaranteed right to be free from the use of excessive force.

28.     Pursuant to the expressed terms of the Fourth and Fourteenth Amendments of the United States Constitution, that right cannot be taken or infringed by any governmental officer or agency without due process of law.

29.     In the handling of the arrest on January 31, 2011, the defendants each acted with deliberate indifference to the Constitutional rights guaranteed Pedro Quiles, Jr. by the Constitution of the United States.

30.     In failing to first confirm that Pedro Quiles Jr. was the individual assumed to be Alex Perez and not attempting to use non-lethal force to detain him, each of the defendants, including the City, the Chief of Police, and Officer Savitt acted recklessly in disregard for the safety and constitutionally protected rights of the deceased, Pedro Quiles, Jr.

31.     Plaintiffs have been forced to retain counsel to represent them to vindicate their rights. Pursuant to the provisions of 42 U.S.C. § 1983, Plaintiffs are entitled to an award of reasonable attorney's fees and costs.

## COUNT I - VIOLATION OF PEDRO QUILES JR.'S FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983 (as to Defendant Savitt)

32.     Plaintiffs reassert the allegations set forth in paragraphs 1 through 31 and further alleges as follows:

33. The actions of the Defendant, Savitt as described above constituted and resulted in a violation of the deceased, Pedro Quiles Jr.'s right to be free of excessive force as protected by the Fourth Amendment to the United States Constitution.

34.     As a direct and proximate result, PedroQuiles Jr. was shot twice, in the side and back and killed.

WHEREFORE, Plaintiffs demand judgment and damages against the defendant resulting from the violations of his Constitutional rights.

## COUNT II - VIOLATION OF PEDRO QUILES JR.'S FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983 (as to Defendant City of Tampa)

35.     Plaintiffs reassert the allegations set forth in paragraphs 1 through 31 and further alleges as follows:

36.     The actions of the Defendant, City as described above constituted and resulted in a violation of the deceased, Pedro Quiles Jr.'s right to be free of excessive force as protected by the Fourth Amendment to the United States Constitution.

37.     Further, Defendant City, by and through her agents was deliberately indifferent in custom and policy of inadequate supervision, inadequate hiring, inadequate in service, inadequate training, inadequate discipline, and retention.

38.     As a direct and proximate result, Pedro Quiles, Jr. was shot in the side and in the back, while unarmed, and resulting in his death.

WHEREFORE, Plaintiffs demand judgment and damages against the defendant resulting from the violations of his Constitutional rights.

### COUNT III - VIOLATION OF PEDRO QUILES JR.'S FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983 (as to Defendant, Chief Castor)

39.     Plaintiffs reassert the allegations set forth in paragraphs 1 through 31 and further alleges as follows:

40.     The actions of the Defendant, Chief Castor as described above constituted and resulted in a violation of the deceased, Pedro Quiles Jr.'s right to be free of excessive force as protected by the Fourth Amendment to the United States Constitution.

41.     Further, Defendant Chief Castor, by and through her agents was deliberately indifferent in custom and policy of inadequate supervision, inadequate hiring, inadequate in service, inadequate training, inadequate discipline, and retention.

42.     Defendant Chief Castor also had supervisory liability for the violation of Pedro Quiles Jr.'s Fourth Amendment rights under the United States Constitution.

43.     As a direct and proximate result, Pedro Quiles, Jr. was shot in the side and in the back, while unarmed, and resulting in his death.

WHEREFORE, Plaintiffs demand judgment and damages against the defendant resulting from the violations of his Constitutional rights.

### COUNT IV - NEGLIGENCE BY THE CITY OF TAMPA

44.     Plaintiffs reassert the allegations set forth in paragraphs 1 through 31 and further alleges as follows:

45.     Defendant, City of Tampa owed to Pedro Quiles, Jr. the duty to exercise reasonable care when undertaking police operations in which members of the public might become involved.

33.     Defendant, City of Tampa was required to properly train members of its police force to exercise reasonable and adequate tactics and procedures for undertaking operations and arrests so as to minimize the risk of injury or death to members of the public, including Pedro Quiles, Jr.

46.     This duty included the obligation to:

      a.     Establish reasonable operating procedures and/or rules and regulations;

      b.     Retain police officers who are capable and competent in understanding the policies, procedures, rules and regulations in making arrests of unarmed individuals;

      c.     Appropriately train police officers in arresting individuals who attempt to flee and are unarmed;

      d.     Appropriately monitor and supervise officers in the use of force and in making arrests of individuals who attempt to flee and are unarmed; and

      e.     Exercise due care with discharging firearms in the presence of members of the public.

47.     Defendant, City of Tampa was negligent in one or more of the following ways:

      a.     Negligently hiring or retaining officers who are not sufficiently trained, capable, or qualified in the arrests of individuals who attempt to flee and are unarmed;

      b.     Failing to properly train the police officers who are not sufficiently trained, capable, or qualified in the arrests of individuals who attempt to flee and are unarmed;

      c.     Failing to instruct officers participating in the arrests of individuals who attempt to flee and are unarmed and the proper use of force;

      d.    Failing to abide by its own policies, procedures, and tactics for the arrest of individuals who attempt to flee and are unarmed; and

      e.    Being otherwise negligent in the conduct in the arrests of individuals who attempt to flee and are unarmed as described above.

47.    As a direct and proximate result of the foregoing acts and omissions, Pedro Quiles, Jr. was shot in the side and back and killed.

WHEREFORE, Plaintiff demands judgment and damages against Defendant, City of Tampa, as allowed by law.

## COUNT V - NEGLIGENCE BY DEFENDANT CHIEF CASTOR

48.    Plaintiffs reassert the allegations set forth in paragraphs 1 through 31 and further alleges as follows:

49.    Defendant, Chief Castor owed to Pedro Quiles, Jr. the duty to exercise reasonable care when undertaking police operations in which members of the public might become involved.

50.    Defendant, Chief Castor was required to properly train members of its police force to exercise reasonable and adequate tactics and procedures for undertaking operations and arrests so as to minimize the risk of injury or death to members of the public, including Pedro Quiles, Jr.

51.    This duty included the obligation to:

      a.    Establish reasonable operating procedures and/or rules and regulations;

      b.    Retain police officers who are capable and competent in understanding the policies, procedures, rules and regulations in making arrests of unarmed individuals;

      c.    Appropriately train police officers in arresting individuals who attempt to flee and are unarmed;

      d.    Appropriately monitor and supervise officers in the use of force and in making arrests of individuals who attempt to flee and are unarmed; and

      e.    Exercise due care with discharging firearms in the presence of

members of the public.

52. Defendant, Chief Castor was negligent in one or more of the following ways:

  a. Negligently hiring or retaining officers who are not sufficiently trained, capable, or qualified in the arrests of individuals who attempt to flee and are unarmed;

  b. Failing to properly train the police officers who are not sufficiently trained, capable, or qualified in the arrests of individuals who attempt to flee and are unarmed;

  c. Failing to instruct officers participating in the arrests of individuals who attempt to flee and are unarmed and the proper use of force;

  d. Failing to abide by its own policies, procedures, and tactics for the arrest of individuals who attempt to flee and are unarmed; and

  e. Being otherwise negligent in the conduct in the arrests of individuals who attempt to flee and are unarmed as described above.

53. As a direct and proximate result of the foregoing acts and omissions, Pedro Quiles, Jr. was shot in the side and back and killed.

WHEREFORE, Plaintiffs demand judgment and damages against Defendant, Chief Castor, as allowed by law.

## COUNT VI - NEGLIGENCE BY DEFENDANT SAVITT

54. Plaintiff reassert the allegation set forth in paragraphs 1 through 31 and further alleges as follows:

55. Defendant, Savitt owed Pedro Quiles, Jr., the deceased, the duty to exercise reasonable care when undertaking police operations or procedures in which members of the public might become involved.

56. Defendant, Savitt, was required to properly train for and exercise his judgement to employ reasonable and adequate tactics and procedures for undertaking operations so as to minimize the risk of injury or death to members of the public, including Pedro Quiles, Jr.

57. This duty included the obligation to:

      a.      Learn and implement established operating procedures and/or rules in regulations in making arrests of unarmed individuals who attempt to flee;

      b.      At all times, conduct themselves as a police office duly capable and reasonably competent in undertaking such police activities employed when making arrests of unarmed individuals who attempt to flee;

      c.      Appropriately train as a police officer to undertake and make arrests of unarmed individuals who attempt to flee; and

      d.      Exercise due care when discharging firearms in the presence of members in the public.

58.      Defendant, Savitt, breached his duty to the Plaintiffs and was negligent in one or more of the following ways:

      a.      Negligently failed to learn and implement established reasonable operating procedures and/or rules and regulations;

      b.      Failed to conduct himself as a police officer duly capable and reasonably competent in undertaking police activities employed during the arrests of unarmed individuals who attempt to flee;

      c.      Failed to appropriately train as a police officer to undertake and participate an arrest of unarmed individuals who attempt to flee;

      d.      Failed to exercise due care when discharging firearms in the presence of members of the public; and

      e.      Being otherwise negligent in conduct in the arrest of unarmed individuals who are attempting to flee.

59.      As a direct and proximate result of the foregoing accidental missions, Savitt shot Pedro Quiles, Jr. in the side and back and killed him.

WHEREFORE, Plaintiffs demand judgement in damages against Defendant Savitt as allowed by law.

## DEMAND FOR JURY TRIAL

60.     Plaintiff demands a trial by jury of all issues so triable as a matter of right by a jury.

WHEREFORE, based upon the foregoing, Plaintiff, Pedro Quiles, Sr., as personal representative of the Estate of Pedro Quiles Jr. and on behalf of himself and Pedro Quiles Jr.'s minor children, Pedro Quiles-Santos and Beyonce Quiles, demands judgment against Defendants for all damages allowable by law together with such other and further relief deemed just and appropriate by this Court

DATED at Tampa, Hillsborough County, this ___2nd___ day of ___March___, 2012.

Respectfully Submitted,

Jon M. Herskowitz
Fl. Bar No. 814032
Baron & Herskowitz
9100 S. Dadeland Blvd.
Penthouse One, Suite 1704
Miami, Fl. 33156
Tel:(305) 670-0101
Fax: (305) 670-2393