UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO QUILES, SR., as Personal
Representative of the ESTATE OF
PEDRO QUILES, JR. and on behalf
of himself individually, PEDRO QUILES
SR., and on behalf of minors, P.Q-S E
and B.Q., survivors,            CASE NO.: 8:12-CV-00550-T35-AEP
           Plaintiffs,

v.

CITY OF TAMPA [Police Department] and
SCOTT SAVITT, individually and his capacity
As an Officer of the City of Tampa, JANE CASTOR,
Individually and in her capacity as Chief of Police,
City of Tampa,
           Defendants.
_____/

## MOTION TO DISMISS

**COMES NOW**, Defendant, **JANE CASTOR**, by and through the undersigned attorney, pursuant to Federal Rule of Civil Procedure 12(b)(6), and files this Motion to Dismiss Count III and Count V of the Plaintiff's Complaint [**DE#2**] and as grounds therefore would state as follows:

1. The official capacity claims against Jane Castor are redundant;

2. The Complaint, in Count III, fails to state a cause of action for supervisory liability; and

3. The Complaint, in Count V fails to state a cause of action for negligence.

**WHEREFORE,** it is respectfully requested that the Court grant this Motion; dismiss Count III and Count V of the Plaintiff's Complaint; and award such other relief as the Court deems appropriate.

## MEMORANDUM OF LAW

Defendant, Jane Castor, by and through the undersigned Counsel, hereby submits the within Memorandum of Law in Support of the Motion to Dismiss Counts III and V of the Plaintiff's Complaint.

## STANDARD OF REVIEW

Under Federal law, when considering a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. *Hill v. White*, 321 F. 3d 1334, 1335 (11th Cir 2003)*; Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1531, 1534 (11th Cir. 1994). A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank,* 129 F.3d 1186, 1189 (11th Cir. 1997) *(*quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

On a motion to dismiss, "the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined." *Wooten v. Campbell,* 49 F.3d 696, 699 (11th Cir.1995). The purpose of the doctrine of qualified immunity is to protect government officials not only from liability and damages, but also from being subject to suit. *Marsh v. Butler County,* 268 F.3d 1014, 1022 (11th Cir.2001) (en banc). Thus, whether or not a defendant is entitled to qualified immunity should be determined "at the earliest possible stage of the litigation." *Johnson v. Breeden,* 280 F.3d 1308, 1317 (11th Cir.2002).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations which, when taken as true, "state a claim to relief that is plausible on its face".

*Ashcroft v Iqbal*, --US--, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'shown'- 'that the pleader is entitled to relief." *Id* at 1950.

## Official Capacity

The Complaint asserts at ¶ 6 that Chief of Police, Jane Castor, is being sued in her official **and** individual capacity. The Complaint asserts that Chief Castor is liable for a § 1983 violation of Pedro Quiles Jr.'s Fourth Amendment rights (Count III) and for negligence (Count V). When a government official is sued in their official capacity under 1983, the suit is "another way of pleading an action against an entity of which an officer is an agent," and consequently is actually a suit against the city. *Busby v. Orlando*, 931 F. 2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1984).) Suits against an individual in his official capacity under Section 1983 generally represent only another way of pleading an action against an entity of which an officer is an agent. *Monell v. New York city Department of Social Services*, 436 U.S. 658, 690, n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity". *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In this case, the Plaintiff has alleged § 1983 and negligence claims against the City in Counts II and IV of this Complaint; therefore the official capacity claims against Chief Castor are redundant and should be dismissed.

**Supervisory Liability**

The Plaintiff alleges in ¶ 6 that Chief Castor is *a* supervisor for Scott Savitt and ¶ 42 asserts that she has "supervisory liability" for the violation of the decedent's rights. In order to prove Supervisory liability under Section 1983, the Plaintiff must show (1) the supervisor personally participated in the alleged violation *or* (2) the supervisor's actions are causally connected to the alleged violation of federal statutory or federal constitutional law. *Brown v. Crawford*, 906 F 2d 667, 671 (11th Cir. 1990); *Gonzalez v. Reno*, 325 F. 2d 1228, 1234 (11th Cir. 2003). The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivations and he fails to do so. *Brown* at 671. The causal link that will sustain a supervisor's liability under § 1983 is the supervisor's knowledge of a history of harassment perpetrated by the very same employee whose actions are at issue in the claim against the supervisor. *Hartley v. Parnell*, 193 F. 3d 1263, 1269 (11th Cir. 1999). There are no allegations in the Complaint that Chief Castor was at the scene prior to the shooting or otherwise involved in the events that preceded the shooting. Thus, the Complaint fails to demonstrate that Chief Castor personally participated in the shooting (i.e. the alleged violation of the decedent's Fourth Amendment right). Similarly, the Complaint fails to demonstrate any prior action or inaction by the Chief, as Savitt's supervisor, which would give rise to her personal liability for this incident. The City of Tampa employees approximately 1,000 police officers and hundreds of civilian employees in its police department. Although, the Chief of Police is the final link in the chain of command for the entire department, the Chief of Police can hardly be categorized as the direct or immediate supervisor of every single employee within the department. The assertion in paragraph 6 that Chief Castor was *a* supervisor for Scott Savitt lends credence to the premise that the Chief of Police is not the only, or most immediate,

supervisor for Officer Savitt. As such, the need is even greater to factually establish a causal connection between the Chief's supervision and the shooting such that it could be said that it was foreseeable that some act or omission by the Chief of Police in her supervisory capacity was the impetus for the shooting on January 31, 2011. Notwithstanding the lack of facts to support that Chief Castor is Officer Savitt's direct or immediate supervisor; the Complaint is still insufficient because it does not assert any facts that suggest that Officer Savitt had a history of, or propensity for, unlawfully discharging his weapon, unlawfully shooting arrestees, using excessive force, or using deadly force. Likewise, there are no allegations that demonstrate that Chief Castor, or any supervisor, knew that Officer Savitt had a history of, or propensity for, unlawfully discharging his weapon, unlawfully shooting arrestees, using excessive force, or using deadly force. Hence, the Complaint fails to demonstrate any prior conduct by Officer Savitt that would serve as prior notice to the Chief, or any supervisor, that Officer Savitt required additional training, additional supervision, or termination. In the absence of factual allegations that demonstrate Chief Castor's direct involvement in the shooting or direct supervision of Officer Savitt, this Court cannot reasonably conclude that the Plaintiff has shown, as *Iqbal* requires, that Chief Castor is individually liable for this incident.

### Negligence – Count V

The Complaint asserts in Count IV at ¶ 52[1] that Chief Castor is liable for the death of Pedro Quiles, Jr. because she, as Chief of Police, negligently hired, retained, trained, or supervised her police officers. Although Chief Castor's capacity is not listed in this Count, Defense counsel assumes that this is an official capacity claim. If Count V is against the Chief in her official capacity; it should be dismissed as redundant since the claims in Count V are

---

[1] The paragraph labeled 52 of the Complaint is actually ¶ 54. The numbering error in the Complaint starts on page 7 just after ¶ 45.

identical to the claims against the City in Count IV.  If the claim is meant to be against Chief Castor, in her individual capacity, then it should be dismissed for failure to state a cause of action. Chief Castor herein incorporates the arguments asserted by the City, in its Motion to Dismiss the negligence claims against it in Count IV of the Complaint, as the basis for dismissing Count V.

**WHEREFORE**, for the foregoing reasons, Defendant, **JANE CASTOR**, requests that this Honorable Court grant this motion; dismiss Count III and Count V of the Complaint; and grant such other relief as the Court deems just and appropriate.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed the foregoing with the Clerk of Court on this 2nd day of April, 2012 using the CM/ECF system and that an electronic notice will be sent to: Jon M. Herskowitz, Esquire, BARON & HERSKOWITZ, 9100 S. Dadeland Blvd., Penthouse One, Suite 1704, Miami, FL 33156 (*attorney for Plaintiff*).

      **JAMES H. SHIMBERG, JR., CITY ATTORNEY**
      **CITY OF TAMPA, FLORIDA**

      By:   /s/ Ursula D. Richardson
         **URSULA D. RICHARDSON**
         Assistant City Attorney
         FBN:  0064467
         315 E. Kennedy Boulevard, 5th Floor
         Tampa, FL  33602
         Ursula.Richardson@tampagov.net
         (813) 274-7205; (813) 274-8894 Fax
         Counsel for Defendants